# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-01853-R (AS) | Date | June 14, 2019 |
|---|---|---|---|
| Title | David McDermid v. Unnamed Physicians Assistant, et. al., | | |

Present: The Honorable  Alka Sagar, United States Magistrate Judge

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE SERVICE OF PROCESS

On or around September 9, 2015, Plaintiff David McDermid, a former federal prisoner, filed a pro se Complaint pursuant to Bivens v. Six Unknown named agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) against various unnamed defendants. (Dkt. No. 1). On September 24, 2019, the Court dismissed the Complaint with leave to amend. (Dkt. No. 6). Thereafter, Plaintiff filed a First Amended Complaint and Second Amended Complaint, which the Court dismissed with leave to amend. (Dkt. Nos. 12-13; 42-43). On June 12, 2018, Plaintiff filed the pending Third Amended Complaint ("TAC") naming Defendants Brian Villanueva, a paramedic at the United States Penitentiary ("USP"), at Victorville, California, and Jose Esquetini, a physician's assistant at USP-Victorville both of whom are sued in their individual capacities. (Dkt. No. 45).

On June 27, 2018, the Court determined that the TAC could be served on the Defendants and issued orders directing the United States Marshal to serve process on the Defendants in their individual capacities. (Dkt. Nos. 46-48). Defendant Esquetini waived service of summons. See Dkt. Nos. 55-56, 58 and has not yet filed an Answer to the TAC. However, the Court's docket reflects that the United States Marshal was unable to serve Defendant Villanueva as he "no longer works for the agency." See Dkt. Nos. 57, 59. [1]

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within

---

[1] The docket reflects that on April 3, 2019, a waiver of service of summons purportedly signed by Defendant Villanueva was returned to the U.S. Marshall, acknowledging that "judgment may be entered against me if an answer or motion under Rul 12 is not served within 60 days of March 14, 2019." See Dkt. Nos. 53-54. This purported waiver by Defendant Villanueva was subsequently corrected by the forms USM-285 filed on April 17, 2019 and May 14, 2019. See Dkt. Nos. 57, 59. Thus, as of May 14, 2019, Plaintiff was or should have been aware that the Marshal had not located Defendant Villanueva at the address Plaintiff provided at the USP-Victorville, California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-01853-R (AS) | Date | June 14, 2019 |
|---|---|---|---|
| Title | David McDermid v. Unnamed Physicians Assistant, et. al., | | |

90 days after the complaint is filed, the Court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, in writing, no later than **Monday, July 15, 2019**, why this action should not be dismissed without prejudice as to Defendant Brian Villanueva for failure to complete service of the operative complaint in a timely manner. This Order will be discharged upon the filing of an amended USM-285 form ("Process Receipt and Return") and form notice of submission setting forth an address where Brian Villanueva can be served and any special instructions or other information to assist with service, or by filing a declaration under penalty of perjury stating why Plaintiff is unable to do so.

     The Clerk is directed to attach a copy of the Court's Order re service of process, dated June 27, 2018 (Dkt. No. 48) to this Order and provide Plaintiff with a USM-285 form, copies of the Order Directing Service and a form Notice of Submission.

     If Plaintiff no longer wishes to pursue this action against Defendant Villanueva, he may request a voluntary dismissal of this action against Dr. Quinn without prejudice. See Fed. R. Civ. P. 41(a). A notice of dismissal form is attached for Plaintiff's convenience.

     Plaintiff is warned that a failure to timely respond to this Order will result in a recommendation that this action be dismissed as to Brian Villanueva with prejudice for failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

     IT IS SO ORDERED.

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | AF |